IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:23-cv-00212-NYW-SKC

ALFRED P. REAUD,

     Plaintiff,

v.

FACEBOOK, INC.,

     Defendant.

---

## RECOMMENDATION RE: MOTION TO TRANSFER VENUE (DKT. 19)

---

Plaintiff Alfred P. Reaud has filed suit against Facebook, Inc.,[1] asserting claims of sexual harassment and intentional infliction of emotional distress based on allegedly "pornographic" photos he received while using the Facebook social networking website. Dkt. 1. According to the Complaint, Plaintiff has seen 93 "unwanted gross and offensive pornographic ads in the SPONSORED section of [his] Facebook page." *Id*. at p.5. He alleges these ads are in direct violation of Facebook's community standards. *Id*.

Facebook filed a Motion seeking to dismiss this case for failure to state a claim or, in the alternative, to transfer venue to the Northern District of California based

---

[1] Although Facebook, Inc. changed its name to Meta Platforms, Inc., on October 28, 2021, Dkt. 19 at p.3 n.1, the Court will refer to Defendant as Facebook for clarity's sake and because the Facebook social networking platform is at the center of this litigation.

on 28 U.S.C. § 1404(a) and the forum selection clause in Facebook's Terms of Service (TOS). Dkt. 19 at pp.13-17. Because Plaintiff is party to a valid and enforceable forum-selection clause with Defendant that requires venue in the Northern District of California, the Court respectfully recommends granting the request to transfer venue and denying the request for dismissal as moot.

## ANALYSIS

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Ordinarily, the party bringing a motion for transfer under § 1404(a) "bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Stewart Org. v. Ricoh Cor.*, 487 U.S. 22, 31 (1988). In such instances, the motion to transfer should be granted absent "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 52 (2013).

In the presence of a valid forum-selection clause, a "plaintiff's choice of forum merits no weight, and the plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. at 574. In addition, the Court may not consider the

2

parties' private interest, but rather, must consider only public interests. *Id*. "Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id*.

Here, Facebook's TOS—operative at the time Plaintiff signed up for a Facebook account—contained the following forum-selection clause:

15. Disputes

> 1. You will resolve *any claim, cause of action or dispute (claim) you have with us* arising out of or relating to this Statement or Facebook *exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County*, and you agree to submit to the personal jurisdiction of such courts for the purpose of litigating all such claims. The laws of the State of California will govern this Statement, as well as any claim that might arise between you and us, without regard to conflict of law provisions.

Dkt. 19-1 at p.7 (emphasis added).[2]

This forum-selection clause is clear and unambiguous. If enforceable, it plainly required Plaintiff to file this case in Northern California. As Facebook correctly observes, a review of the Complaint shows that all of Plaintiff's claims are linked to his use of the Facebook platform and the unsolicited pornographic images sent to him on that platform during his use. And the forum-selection clause is broadly written, encompassing "any claim, cause of action or dispute" between the parties "arising out of or relating to" Facebook, and its language is unequivocally mandatory.

---

[2] The TOS has been amended since the time Plaintiff created his account; however, each new version contains the same (or similarly worded) forum-selection clause. Dkt. 19-1.

Forum-selection clauses are presumptively valid under federal law and should not be set aside unless the party challenging the clause demonstrates that enforcement would be unreasonable. *See M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 12 (1972). A forum-selection clause is unreasonable if (1) it was incorporated into a contract as a result of fraud, undue influence, or overweening bargaining power, (2) the selected forum is so gravely difficult and inconvenient that the complaining party will, for all practical purposes, be deprived of his day in court, or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Archer v. Darling*, No. 09-cv-01988-PAB-KMT, 2011 WL 861201, at *2 (D. Colo. Mar. 9, 2011) (citing *M/S Bremen*, 407 U.S. at 12-18).

In his Response, Plaintiff does not address any of the foregoing issues (even under a liberal construction of his Response),[3] and therefore, tacitly admits Facebook's forum selection clause is both valid and applicable to his claims. To be sure, courts in this district and others have routinely found Facebook's forum-selection clause to be valid and enforceable. *See Hayes v. Facebook*, No. 18-cv-02333-MEH, 2019 WL 8275335, at *3 (D. Colo. Mar. 6, 2019); *Franklin v. Facebook, Inc.*, No. 1:15-cv-00655-LMM, 2015 WL 7755670, at *2 (N.D. Ga. Nov. 24, 2015) ("The Court cannot identify a single instance where any federal court has struck down [Facebook's] [terms of use] as an impermissible contract of adhesion induced by fraud

---

[3] Plaintiff is not represented by counsel; thus, the Court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

or overreaching[.]").

Plaintiff contends he "revoked" his consent to the forum-selection clause. Dkt. 25 at p.14. The Court gives short shrift to this argument. First, Plaintiff cites no legal authority for his ability to unilaterally revoke consent to a forum-selection clause under these circumstances, and the Court could find none. Second, and perhaps more importantly, Plaintiff acknowledges he continues to utilize the Facebook platform. By his ongoing use he manifests his agreement to be bound by the TOS, inclusive of the forum-selection clause. *See* Dkt. 19-1 at p.21. Accordingly, the forum-selection clause is enforceable, and Plaintiff's performance under the clause is neither excused nor revoked.

Because the clause is given controlling weight, the burden shifts to Plaintiff to prove extraordinary circumstances as to why Facebook's Motion should be denied. *See Atl. Marine*, 571 U.S. at 62. Plaintiff offers no arguments in this regard, choosing instead to contend that "enforcement of the clause would be unreasonable and unjust." Dkt. 25 at pp.16-17. He focuses solely on private interest factors, such as the inconvenience and expense of requiring him to litigate a case in California. But these arguments carry no weight. *See Atl. Marine Constr. Co.*, 571 U.S. at 64 ("[W]hatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting."). Thus, Plaintiff has not met his burden.

The Court further observes that—as required by the TOS—the claims in this

case will be governed by California law, which weighs in favor of transfer. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981) (listing a court's familiarity with the "law that must govern the action" as a potential factor). And to the extent that Colorado law will govern any of the claims, cases involving Colorado laws have been transferred to other states.[4] *See, e.g., Int'l Beauty Prods., LLC v. Beveridge*, 402 F.Supp. 2d 1261 (D. Colo. 2005) (transferring civil theft claims from Colorado to California); *see, e.g., Bowers v. Tension Int'l, Inc.*, No. 15-cv-02734-WJM-KLM, 2016 WL 3181312, at *5 (D. Colo. June 8, 2016) (transferring a case involving a violation of the Colorado Wage Claim Act from Colorado to Missouri).

Based on the foregoing, the Court concludes all of Plaintiff's claims should be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northen District of California.

\* \* \*

For the reasons shared above, the Court respectfully RECOMMENDS[5] the

---

[4] In his Response, Plaintiff makes arguments regarding Colorado's harassment statutes. However, none of his claims as currently pleaded rely on Colorado specific law. Instead, they are ostensibly common law claims, which therefore, may be governed by California common law.

[5] **Be advised the parties have 14 days after service of this recommendation to serve and file any written objections to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo**

Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) be GRANTED, and the Motion to

Dismiss be denied as moot.

DATED: October 31, 2023.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

**determination by the District Judge of the proposed findings and recommendations.** *United States v. Raddatz*, **447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within 14 days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court.** *Thomas v. Arn*, **474 U.S. 140, 155 (1985);** *Moore v. United States*, **950 F.2d 656, 659 (10th Cir. 1991).**