# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Nina Y. Wang

Civil Action No. 23-cv-00212-NYW-SKC

ALFRED P. REAUD,

    Plaintiff,

v.

FACEBOOK, INC.,

    Defendant.

---

## ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews (the "Recommendation"), [Doc. 27], on the Motion to Dismiss Plaintiff's Complaint with Prejudice or, Alternatively, to Transfer Venue (the "Motion to Transfer" or "Motion"), [Doc. 19], filed by Defendant Facebook, Inc., ("Defendant" or "Facebook").[1] Because Plaintiff Alfred P. Reaud ("Plaintiff" or "Mr. Reaud") is party to a valid and enforceable forum-selection clause with Defendant that requires venue in the Northern District of California, Judge Crews recommends that Facebook's request to transfer venue be granted and its request for dismissal be denied as moot. [Doc. 27 at 1]. Plaintiff objects to Judge Crews's Recommendation that the action be transferred (the "Objection"). [Doc. 28]. Defendant has responded to Plaintiff's Objection (the "Response"), see [Doc. 30], and accordingly, the Court finds that this

---

[1] Although Defendant changed its name to Meta Platforms, Inc., on October 28, 2021, [Doc. 19 at 3 n.1], the Court refers to Defendant as Facebook for clarity's sake and because the Facebook social networking platform is at the center of this litigation. See [Doc. 27].

matter is ripe for resolution.²

For the reasons below, the Court respectfully **OVERRULES** the Objection, and **ADOPTS** the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## BACKGROUND

Mr. Reaud has filed suit against Facebook, asserting claims of sexual harassment and intentional infliction of emotional distress based on allegedly pornographic photos he received while using the Facebook social networking website. [Doc. 1]. According to Plaintiff, he has seen 93 "unwanted gross and offensive pornographic ads in the SPONSORED section of [his] Facebook page," which, he contends, violate Facebook's community standards. [*Id.* at 5].³

Defendant moved to dismiss this case for failure to state a claim or, in the alternative, to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a) based on the forum-selection clause in Facebook's Terms of Service ("TOS"). [Doc. 19 at 3–4]. Mr. Reaud opposed the Motion, arguing, in pertinent part, that venue is proper in the United States District Court for the District of Colorado because (1) on March 20, 2023, roughly two months after initiating this action, Plaintiff revoked his consent to the forum-selection clause by emailing Facebook's counsel, [Doc. 25 at 14–15]; (2) "a substantial part of the events or omissions giving rise to the claim occurred

---

² *See* NYW Civ. Practice Standard 72.3(c) ("Pursuant to Rule 72 of the Federal Rules of Civil Procedure, replies in support of an Objection will not be permitted absent leave of Court and good cause shown."); *see also* Fed. R. Civ. P. 72(b)(2) (providing for responses to objections, but not replies in support of objections).

³ When citing to court filings, this Court cites to docket number and the page numbers generated by the Court Management/Electronic Court Files ("CM/ECF") system.

[in this District]," [*id.* at 15–16 (quoting 28 U.S.C. § 1391(b))]; and (3) enforcement of the forum-selection clause would be "unreasonable and unjust" because it "places an undue burden on [Plaintiff], requiring him to litigate in a distant, inconvenient location that has no connection to the [challenged] activity," [*id.* at 16–17 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972))].

The forum-selection clause provides that a Facebook user "will resolve any claim, cause of action or dispute (claim) [he] ha[s] with [Facebook] arising out of or relating to [the TOS] or Facebook exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County," and "agrees to submit to the personal jurisdiction of such courts for the purpose of litigating such claims."[4] [Doc. 19-1 at 7]. Judge Crews concluded that the provision was enforceable and "plainly required Plaintiff to file this case in Northern California," [Doc. 27 at 3–5], and recommended that Facebook's Motion to Transfer be granted because Mr. Reaud had not met his burden to establish "extraordinary circumstances unrelated to the convenience of the parties" rendering transfer unwarranted. [*Id.* at 2–3, 5–6 (quoting *Atl. Marine Constr. Co. v. United States Dist. Ct.*, 571 U.S. 49, 52 (2013))]. Judge Crews also recommended that Facebook's request for dismissal be denied as moot.[5] [*Id.* at 2].

---

[4] As Judge Crews observed, *see* [Doc. 27 at 3 n.2], Facebook's TOS has been amended since the time Plaintiff created his account on May 14, 2015; nevertheless, each new version contains a materially identical forum-selection clause, *see* [Doc. 19-1 at ¶ 5]; *see, e.g.*, [*id.* at 7 24].

[5] A district court may properly opt to transfer a case pursuant to 28 U.S.C. § 1404(a), without ruling on a contemporaneous motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *R.J. v. Optima Health*, 649 F. Supp. 3d 1207, 1216 n.5 (D. Utah 2022) (granting the defendant's motion to transfer under 28 U.S.C. § 1404(a) while declining to rule on defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "because some considerations of [transfer state's] law may apply to the

Mr. Reaud objects to Judge Crews's recommendation that the case be transferred to the Northern District of California. [Doc. 28]. Facebook has responded to Plaintiff's Objection. [Doc. 30].

## STANDARD OF REVIEW

This Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. Fed. R. Civ. P. 72(b)(3). An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). But "[i]n the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Additionally, the Court observes that because Plaintiff is proceeding pro se, the Court affords his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That said, it is not this Court's function "to assume the role of advocate

---

resolution of those aspects of [the motion]"); *Prime All. Bank, Inc. Leasing Innovations, Inc.*, 19-cv-00142-DBB, 2020 WL 6801962, *5 (D. Utah Nov. 19, 2020) (granting the defendant's motion to transfer under 28 U.S.C. § 1404(a) without resolving the defendant's request for dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure); *see also Franklin v. Facebook, Inc.*, 15-cv-00655-LMM, 2015 WL 7755670, at *5 n.4 (N.D. Ga. Nov. 24, 2015) (granting Facebook's motion to transfer without ruling on its motion to dismiss, which was filed the same day, explaining that "the motion to dismiss is properly left for the transferee court to decide").

for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## ANALYSIS

In his Objection to the Recommendation, Plaintiff largely renews his argument that he revoked his consent to the forum-selection clause. *See* [Doc. 28 at 1–2 (objecting "to the 'short shrift' given by Judge Crews to the argument that [Mr.] Reaud has unilaterally revoked consent to the Facebook [TOS]" (quoting [Doc. 27 at 5]))]. Judge Crews observed that Mr. Reaud failed to provide any "legal authority for his ability to unilaterally revoke consent to a forum-selection clause under these circumstances" and that Judge Crews could not find any caselaw supporting the proposition. [Doc. 27 at 5]. Having considered the issue de novo, the Court respectfully concurs with the Recommendation's substantive analysis and overrules the Objection based on Plaintiff's theory of unilateral revocation.[6]

---

[6] Plaintiff also asserts that Judge Crews erroneously based his rejection of the unilateral-revocation argument on Mr. Reaud's acknowledgement that "he continues to utilize the Facebook platform"; in doing so, Judge Crews concluded, Mr. Reaud "manifests his agreement to be bound by the TOS, inclusive of the forum-selection clause." [Doc. 27 at 5 (citing [Doc. 19-1 at 21])]. According to Plaintiff, Judge Crews's information about Mr. Reaud's use of the platform was "stale." [Doc. 28 at 3–4]. Plaintiff now asserts that, "[a]s of early May 2023, to the best of his recollection, [he] stopped using the Facebook platform altogether." [*Id.*]. This new position contradicts the information that Plaintiff previously provided and upon which the Recommendation relies. In his response to Defendant's Motion to Transfer—which Plaintiff filed on May 5, 2023, presumably pursuant to his Rule 11 obligations—Mr. Reaud stated that "Facebook has left [his] account open, and [Mr.] Reaud uses it as he ha[d] previously." [Doc. 25 at 14–15]. Accordingly, this argument is barred by the doctrine of invited error, which is a form of waiver. *ClearOne Comms., Inc. v. Bowers*, 643 F.3d 735, 771 (10th Cir. 2011) ("The invited-error doctrine precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt." (quotation omitted)); *One Parcel of Real Prop.*, 73 F.3d at 1059 ("[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). Further, by Plaintiff's own admission, at the time of filing this lawsuit, and for at least three months thereafter, Plaintiff continued to use the

Mr. Reaud also asserts that the forum-selection clause is unreasonable because it was incorporated into the TOS as a result of "undue influence and overweening bargaining power." *See* [Doc. 28 at 3 (citing [Doc. 27 at 4 (setting forth standard under *M/S Bremen*, 407 U.S. 1)])]. But, as Facebook points out, Plaintiff did not raise this argument before Judge Crews. *See* [Doc. 27 at 4 ("In his Response, plaintiff does not address [the standard for unreasonableness under *M/S Bremen*] (even under a liberal construction of his Response).")]; *see also* [Doc. 25 at 16–17 (Plaintiff arguing only that enforcement of the forum-selection clause would be unreasonable because it would "place[] an undue burden on [Mr.] Reaud, [by] requiring him to litigate in a distant, inconvenient location that has no connection to the activity that [he] claims in his Complaint"). Arguments, like this one, that are raised for the first time in an objection to a magistrate judge's recommendation are deemed waived, and the Court will not address them. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).[7]

Having determined that a transfer of venue is proper, this Court finds that Defendant's request for dismissal contained in the instant Motion is moot. Facebook may raise such issues before the United States District Court for the Northern District of

---

platform. [Doc. 28 at 2]. In other words, at the time he filed his Complaint, Plaintiff had "manifest[ed] his agreement to be bound by the TOS, inclusive of the forum-selection clause." [Doc. 27 at 5 (citing [Doc. 19-1 at 21])].

[7] Plaintiff also takes issue with Judge Crews's characterization of the photos at issue in this case as "allegedly 'pornographic,'" as opposed to being "patently pornographic in nature." [Doc. 28 at 3–4]. Judge Crews's description of the photos, Plaintiff argues, have given him cause to doubt whether his "evidence and hence his claim" are being taken seriously. [*Id.* at 3]. This Court interprets the use of the word "allegedly" as a summarization of the allegations giving rise to this action, which have not, at this stage, been proven to be true. In any event, this Objection does not pertain to the Recommendation's legal analysis.

California. Accordingly, the Court respectfully overrules Plaintiff's Objection and adopts Judge Crews's Recommendation in its entirety.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Objection to the Report and Recommendation [Doc. 28] is **OVERRULED**;

(2) The Recommendation of United States Magistrate Judge S. Kato Crews [Doc. 27] is **ADOPTED**;

(3) Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice or, Alternatively, to Transfer Venue [Doc. 19] is **GRANTED**;

(4) This action shall be **TRANSFERRED** to the United States District Court for the Northern District of California; and

(5) The Clerk of Court shall effectuate such transfer and thereafter close this case.

DATED:  December 6, 2023                              BY THE COURT:

_____
Nina Y. Wang
United States District Judge