MICHELLE VISSER (SBN 277509)
mvisser@orrick.com
MELISSA LEVIN (SBN 328146)
melissalevin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

Attorneys for Defendant
Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED REAUD,<br><br>             Plaintiff,<br><br>     v.<br><br>FACEBOOK, INC.,<br><br>             Defendant. | Case No. 23-cv-06329-AMO<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:           April 25, 2024<br>Time:          2:00 pm<br>Courtroom:  10<br>Judge:         Hon. Araceli Martinez-Olguin |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................2

II. FACTUAL BACKGROUND ..................................................................................................2

III. LEGAL STANDARD ..............................................................................................................4

IV. ARGUMENT ...........................................................................................................................4

    A. The Complaint Fails to State Any Claim Against Meta. ..........................................4

        1. Plaintiff fails to state a claim for sexual harassment....................................4

        2. Plaintiff fails to state a claim for intentional infliction of emotional distress..........................................................................................................5

    B. Section 230 of the Communications Decency Act Independently Bars Plaintiff's Claims. ......................................................................................................7

        1. Meta is an interactive computer service provider. ......................................8

        2. The content at issue was provided by another information content provider. .......................................................................................................8

        3. Each of Plaintiff's claims seek to treat Meta as a "publisher." ....................9

    C. Plaintiffs Should Not Be Granted Leave to Amend................................................10

V. CONCLUSION......................................................................................................................10

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on April 25, 2024, at 2:00 PM, or as soon thereafter as may be heard by the Honorable Judge Araceli Martinez-Olguin, United States District Court, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Meta Platforms, Inc. will and hereby does move to dismiss Plaintiff's Complaint on the grounds that Plaintiff fails to state a claim upon which relief can be granted and Plaintiff's claims are moreover barred by Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230(c)(1).

This motion is based upon this notice of motion and motion, the memorandum of points and authorities in support thereof, the proposed order filed concurrently herewith, all pleadings and papers on file in this action, the arguments of counsel, and upon such further oral and written argument and evidence as may be presented at or prior to the hearing on this motion.

Dated: January 24, 2023

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Michelle L. Visser*
Michelle L. Visser

Attorney for Defendant
META PLATFORMS, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Meta Platforms, Inc. (f/k/a Facebook, Inc.) ("Meta")[1] respectfully submits this Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion").

**I.  INTRODUCTION**

Plaintiff Alfred Reaud brings this action against Meta alleging claims for sexual harassment and intentional infliction of emotional distress based on purported "pornographic" advertisements—all created by third parties—which he alleges he saw on his Facebook page. This Court should dismiss Plaintiff's Complaint with prejudice on the grounds that it fails to state any plausible claim.

Plaintiff's sexual harassment claim fails for the simple reason that there is no common law cause of action for "sexual harassment" under California law—which governs Plaintiff's claims—and Plaintiff does not (nor could he) allege that Meta violated any sexual harassment statute.  Further, Plaintiff's intentional infliction of emotional distress claim fails because Meta's purported conduct in allowing allegedly "pornographic" advertisements on Facebook constitutes neither "extreme [n]or outrageous conduct" and Plaintiff does not plausibly plead that Meta *intended* to cause him emotional distress.

Both of Plaintiff's claims are subject to dismissal for the independent reason that they are barred by Section 230 of the Communications Decency Act, which protects interactive computer service providers like Meta from claims—such as those alleged here—that seek to hold the service provider liable for third-party content.

**II.  FACTUAL BACKGROUND**

Plaintiff claims to be a Colorado resident and user of Meta's Facebook service.  ECF No. 1, Complaint ("Compl.") at 3, 5[2].  Plaintiff alleges he received "pornographic" advertisements on

---

[1] Meta was formerly known as Facebook, Inc.  It changed its name to Meta on October 28, 2021.  For ease of reference, Defendant refers to itself as Meta herein, regardless of the time period.

[2] The Complaint is comprised of four documents: (1) the Complaint and Request for Injunction (ECF No. 1); (2) Civil Cover Sheet (ECF No. 1-1); (3) Attachment 1 – "Pornographic Advertisements Screenshot Index" (ECF No. 1-2); and (4) Attachment 2 – Statement of Claim Continuation (ECF No. 1-3).  For ease of reference, Meta refers to each distinct document by its ECF number.

his Facebook "feed" starting in December 2021. *Id.* at 5. According to Plaintiff, he has seen ninety-three "unwanted gross and offensive pornographic ads" on Facebook, which he claims are in violation of Facebook's Community Standards. Plaintiff alleges he "reported the[] pornographic ads to Facebook repeatedly, and Facebook has ignored [his] requests." Compl., Attachment 2, ECF 1-3 at 4. Plaintiff also claims that Meta "block[ed] him from interacting with friends or Facebook pages of interest" for violating the Community Standards when he posted the advertisements from his feed to his own page, which he asserts caused him "emotional and psychological distress." *Id.*

The Community Standards that are the focus of Plaintiff's claims are incorporated into the Facebook Terms of Service, which govern Meta's relationship with Facebook users such as Plaintiff.[3] Compl. at 5; Declaration of Jennifer Pricer in Support of Meta's Motion to Dismiss, Ex. B, Terms of Service (providing that Facebook users may not violate the Community Standards and linking to them). The Terms of Service include a governing law provision, which provides that all claims regarding the Terms or regarding a user's access to or use of Facebook shall be governed by California law. *Id.* at 15.

Plaintiff filed this action on January 24, 2023 in the District of Colorado, alleging claims for "sexual harassment" and intentional infliction of emotional distress ("IIED"). Compl., Attachment 2, ECF No. 1-3. On April 11, 2023, Meta moved to dismiss, or alternatively, to transfer venue to this Court based on the enforceable forum selection clause in the Facebook Terms of Service. On October 31, 2023, Magistrate Judge S. Kato Crews recommended granting Meta's Motion to Transfer to Venue to the Northern District of California, pursuant to the forum selection clause in Facebook's Terms of Service (the "Recommendation"). ECF No. 19. On December 6, 2023, Judge Nina Y. Wang adopted the Recommendation, and the action was thereafter transferred to the Northern District of California. ECF No. 31.

---

[3] Because the Complaint makes extensive reference to the Community Standards that are part of the Facebook Terms of Service, the Terms of Service are incorporated by reference in the Complaint and may be considered on a motion to dismiss. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1037 n.1 (N.D. Cal. 2019) (agreeing that the Terms of Service were incorporated by reference because the consolidated complaint relied upon them to allege the breach of contract claims and statutory claims).

III.  **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Dismissal is appropriate "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In conducting a Rule 12(b)(6) analysis, the court may consider the complaint, material relied upon in the complaint, and material subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The court must accept "well-pleaded factual allegations" as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 664, 678; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Per the parties' agreement, California law governs each of Plaintiff's claims. *See* ECF No. 19-1, Pricer Decl., Ex. B, Terms of Service at 15.

IV.  **ARGUMENT**

  A.  **The Complaint Fails to State Any Claim Against Meta.**

  1.  **Plaintiff fails to state a claim for sexual harassment.**

Plaintiff purports to bring a claim for "sexual harassment," alleging that he finds the "pornographic ads" he claims he saw on his Facebook feed "objectionable, outrageous, intrusive, and injurious to himself." Compl., Attachment 2, ECF No. 1-3 at 3. Plaintiff's claim fails.

Crucially, "there is no common law cause of action for sexual harassment." *Myers v. Trendwest Resorts, Inc.*, 148 Cal. App. 4th 1403, 1426 (2007). Indeed, "the cause of action for sexual harassment is a creature of statute." *Medix Ambulance Serv., Inc. v. Superior Court*, 97 Cal. App. 4th 109, 118 (2002). Further, Plaintiff does not allege a violation of the California statue regarding sexual harassment: the California Fair Employment and Housing Act ("FEHA"). *Id.* And even if Plaintiff had alleged a violation of the FEHA, it would not apply here, since the FEHA only protects *employees* from sexual harassment by their *employer*. *Taylor v. Nabors Drilling USA, LP*, 222 Cal. App. 4th 1228, 1235-6 (2014) ("The FEHA makes it an unlawful employment practice for an employer to harass an employee…."). Accordingly, Plaintiff's claim

for sexual harassment fails and should be dismissed with prejudice.

    **2.   Plaintiff fails to state a claim for intentional infliction of emotional distress.**

   Under California law, the prima facie elements of intentional infliction of emotional distress ("IIED") are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Batuhan v. Assurity Fin. Servs., LLC*, 2016 WL 1055107, at *4 (N.D. Cal. Mar. 16, 2016). The "severe or extreme emotional distress" alleged must be substantial or enduring to a degree that "no reasonable person in civilized society should be expected to endure it." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Here, Plaintiff's IIED claim is based on two theories: (1) that he "received emotional and psychological injury from being forced to view unwanted pornography if he wants to use the Facebook platform," and (2) that Meta "intentionally injure[d] [him]" by "blocking him from interacting with friends or Facebook pages…due to posting screen shots of pornographic ads." Compl., Attachment 2, ECF No. 1-3 at 4-5. Under either purported theory, Plaintiff's IIED claim fails for three independent reasons.

   *First*, Meta's alleged actions here—allowing the purported "pornographic" advertisements on Plaintiff's Facebook feed and "blocking" him from using Facebook—do not constitute extreme or outrageous conduct for purposes of stating an IIED claim.[4] To be considered "extreme and outrageous," conduct must "exceed all bounds of that usually tolerated in a civilized community." *Batuhan*, 2016 WL 1055107, at *4. Courts recognize this to be a high bar. *See, e.g., Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1609 (2009) (insurer's denial of benefits to terminally ill patient and failure to inform of the right to appeal was not outrageous); *McMahon v. Craig*, 176 Cal. App. 4th 222, 1515 (2009) (veterinarians' reckless killing of

---

[4] While the question of whether a defendant's conduct reaches the level of "extreme and outrageous" in certain cases presents an issue of fact for the trier of fact, "the court may determine in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883 (Ct. App. 1989) (*citing Murphy v. Allstate Ins. Co.* 83 Cal.App.3d 38, 51 (1978)).

plaintiff's dog and subsequent coverup of malpractice was not extreme).

It does not matter that Plaintiff alleges he considered the advertisements "gross and offensive."  Compl., ECF No. 1 at 5.  In fact, courts have held that conduct that would even be considered "highly offensive" and "inappropriate" does not rise to the level of "extreme and outrageous" conduct to support an IIED claim.  *See, e.g.*, *Hughes,* 46 Cal.4th at 1051 (estate trustee's public and crude sexual advances on decedent's mother fell short of outrageous); *Haberman v. Cengage Learning,* Inc., 180 Cal.App.4th 365, 386 (2009) (sexual comments that were "too personal and [were] inappropriate for the workplace" not outrageous); *cf. Alioto v. Associated Exchange Inc.*, 482 Fed. Appx. 222, 224 (9th Cir. 2012) (applying Arizona law) (co-worker showing plaintiff a pornographic picture was not sufficiently extreme and outrageous.

Plaintiff's allegation that Meta blocked him from using Facebook is also insufficient to establish extreme or outrageous conduct.  Indeed, courts have dismissed analogous claims against Meta where Meta disabled a user's Facebook account.  *See, e.g.*, *King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 786 (N.D. Cal. 2021) (dismissing IIED claim where Facebook disabled Plaintiff's account because "as a matter of law, Facebook's conduct…is not outrageous").

***Second***, Plaintiff does not sufficiently allege that Meta acted with the *intent* of causing emotional distress.  An IIED claim "calls for intentional, or at least reckless conduct – conduct intended to inflict injury or engaged in with the realization that injury will result." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).  This means that the conduct must be "directed primarily at [plaintiff], [be] calculated to cause them severe emotional distress, or [be] done with knowledge of their presence and of a substantial certainty that they would suffer severe emotional injury." *Christensen v. Superior Court*, 54 Cal. 3d 868, 906 (1991).

Here, as to the allegedly "pornographic" advertisements, Plaintiff asserts in conclusory terms that Meta "intentionally injur[ed]" him by "continuing to serve such unwanted pornographic ads to [him] every time that [he] logs on to the Facebook platform."  Compl., Attachment 2, ECF No. 1-3 at 4.   But Plaintiff does not allege any *facts* establishing that Meta acted *with an intent to injure him* or even with a realization that he would be injured, as is required to sustain an IIED claim.  *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064

(N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (dismissing IIED claim where plaintiff failed to show Facebook acted intentionally in declining to remove content); *Hatfield v. DaVita Healthcare Partners, Inc.*, 2015 WL 106632, at *4 (N.D. Cal. Jan. 7, 2015) (finding "conclusory allegation[]" that defendant "knew [of] the conditions experienced by Plaintiffs and nonetheless, took virtually no effective action to remedy the conditions" insufficient to state an IIED claim).

Plaintiff's theory based on Meta purportedly "blocking" him from Facebook fails for the same reason. Beyond his conclusory allegation that Meta "intentionally injur[ed him]…by blocking him from interacting with friends of Facebook pages of interest," Plaintiff does not plead a single fact establishing that Meta acted *with an intent to injure him*. Compl., Attachment 2, ECF No. 1-3 at 4; *see, e.g.*, *Lancaster v. Alphabet Inc.*, 2016 WL 3648608, at *5 (N.D. Cal. July 8, 2016) (dismissing IIED claim where Plaintiff only proffered conclusory facts to support that defendants intended to cause plaintiff extreme emotional distress).

***Third***, Plaintiff's assertions that he suffered severe emotional distress are entirely conclusory. Plaintiff merely alleges that he was injured "emotionally and psychologically," and that Meta's actions caused "psychological damage and trauma." Compl., Attachment 2, ECF No. 1-3 at 4; ECF No. 1 at 5. Courts have dismissed IIED claims where the plaintiff offered similarly threadbare allegations of harm. *See, e.g.*, *Marshall v. Ross Stores, Inc.*, 2020 WL 8173022, at *7 (C.D. Cal. Oct. 14, 2020) (dismissing IIED claim where plaintiffs merely asserted that they suffered "severe emotional and physical harm," and had been "emotionally traumatized"); *Grundy v. Walmart, Inc.*, 2018 WL 5880914, at *6 (C.D. Cal. 2018) (allegations that plaintiffs "suffered 'anguish, horror, nervousness, grief, anxiety, worry, shock, humiliation and/or shame'" were insufficient). Accordingly, Plaintiff's claim for intentional infliction of emotional distress should be dismissed with prejudice.

**B.     Section 230 of the Communications Decency Act Independently Bars Plaintiff's Claims.**

Each of Plaintiff's claims fails for the independent reason that they are barred as a matter of law by Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230. Section 230(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."

7

47 U.S.C. § 230(c)(1). Section 230(e)(3) gives teeth to this intent by stating unequivocally that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). Section 230 is to be "construed broadly, 'to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles.'" *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 206 (2017). Crucially, Section 230 bars claims based on a service provider's decisions about "reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009).

Under Section 230(c)(1), a claim should be dismissed if (1) the defendant is a "provider . . . of an interactive computer service[;]" (2) the content at issue was "provided by another information content provider[;]" and (3) the plaintiff's claim treats the defendant as the "publisher or speaker" of that content. 47 U.S.C. § 230(c)(1). All three elements are present here.

### 1. Meta is an interactive computer service provider.

Section 230 defines an interactive computer service provider as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Courts have uniformly held that Meta meets Section 230's "interactive computer service provider" definition. *See, e.g., Sikhs for Justice, Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088 (N.D. Cal. 2015), *aff'd*, 697 Fed. Appx. 526 ("it is undisputed that Facebook is an interactive computer service provider"); *Lloyd v. Facebook, Inc.*, 2022 WL 4913347, at *8 (N.D. Cal. Oct. 3, 2022) ("Meta and/or Facebook is an interactive computer service provider); *Loomer v. Zuckerberg*, 2023 WL 6464133, at *12 (N.D. Cal. Sept. 30, 2023) (same).

### 2. The content at issue was provided by another information content provider.

Section 230 protection applies to content "provided by another information content provider," which is defined as someone who is "responsible, in whole or in part, for the creation or development of" the offending content. 47 U.S.C. § 230(c), (f)(3). Here, Plaintiff merely alleges that Meta "served" the allegedly offending advertisements; he does not allege that Meta created or developed them. Nor could he, as the "exemplars" he submits in Exhibit 2 to his

Complaint plainly show that these are third-party advertisements, which Plaintiff alleges appeared "in the SPONSORED section of [his] Facebook page." Compl., ECF No. 1 at 5; *see also* Exhibit 2, ECF No. 3. The advertisements at issue, accordingly, were provided by another content provider. *See Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 266 (2017) (finding Facebook was not a content provider where advertisements that "Facebook displayed" were created by third parties); *Pennie v. Twitter, Inc.*, 281 F. Supp. 3d 874, 890 (N.D. Cal. 2017) (finding Section 230 applied to claims involving objectionable third-party advertisements on Twitter).

Moreover, to the extent Plaintiff's claims are based on Meta "blocking" his Facebook account when he posted screen shots of third-party advertisements to his own page (*see* Compl., Attachment 2, ECF No. 1-3 at 4), the "content" at issue was similarly provided by "another information content provider"—Plaintiff himself. Indeed, the Complaint "nowhere alleg[es] that Facebook provided, created, or developed any portion" of the content at issue. *Fed. Agency of News LLC*, 395 F. Supp. 3d at 1305–06 (finding information for which Plaintiffs sought to hold Facebook liable for removing, was not provided by Facebook, but by plaintiff himself).

**3.    Each of Plaintiff's claims seek to treat Meta as a "publisher."**

Under Section 230, a plaintiff's claim treats a defendant as a "publisher" when it seeks to hold a service provider liable for its purported exercise of "editorial functions"—such as whether to "publish, withdraw, postpone, or alter content." *LeadClick Media, LLC*, 838 F.3d at 174. What matters is not the "name of the cause of action [but rather] whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *King*, 572 F.Supp.3d at 793 (dismissing IIED claim under Section 230).

Here, both of Plaintiff's claims seek to hold Meta liable for purportedly "serving" him "pornographic" advertisements created by third parties. *See generally* Compl., ECF No. 1. These claims—based on allegations that Meta allowed third-party content on Facebook—are the "classic kind[s] of claim[s] that [have been] found to be preempted by section 230." *Mazur v. eBay Inc.*, 2008 WL 618988, at *9 (N.D. Cal. March 4, 2008) (dismissing claims involving third-party's fraudulent auction services on eBay); *Calise*, 2022 WL 1240860, at *4 (dismissing contract, tort, and statutory claims against Meta for allegedly permitting fraudulent third-party ads

1  on Facebook); *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 591-92 (S.D.N.Y. 2018) (dismissing
2  claim because it would require defendant to "police or remove objectionable content").

3  Moreover, to the extent that Plaintiff's IIED claim is also based on Meta "blocking" him
4  from Facebook, such a claim similarly seeks to hold Meta liable for its decisions as a "publisher,"
5  as numerous courts have held. *Sikhs for Justice*, 697 Fed. Appx. at 526 (Section 230 applies
6  because "SFJ seeks to hold Facebook liable as a publisher for hosting, and later blocking, SFJ's
7  online content."); *Fed. Agency of News LLC*, 432 F. Supp. 3d at 1119 (holding that Section 230
8  barred claims where they were based on "Facebook's decision not to publish [Plaintiffs'] content"
9  by terminating plaintiffs' accounts).

10  Thus, because Plaintiffs' claims each attempt to treat Meta as the publisher or speaker of
11  the content at issue, Section 230(c)(1)'s final requirement is met.

12  **C.     Plaintiffs Should Not Be Granted Leave to Amend.**

13  Leave to amend is inappropriate if "the pleading could not possibly be cured by the
14  allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Here,
15  leave to amend would be inappropriate for two reasons.

16  *First*, as established above (*see* Section I.A. *supra*), Plaintiff has failed to allege sufficient
17  facts to state any claim and proposes no additional facts that could be pled in an amended
18  complaint to assist his claims. *Second*, all of Plaintiff's claims will be barred by Section 230 no
19  matter what additional facts he pleads (*see* Section I.B. *supra*)—which is why courts generally
20  deny leave to amend when Section 230 applies to bar claims, which cannot be "circumvent[ed]"
21  with "creative pleading." *Kimzey v. Yelp! Inc*., 836 F.3d 1263, 1265-66 (9th Cir. 2016); *see, e.g.,*
22  *King*, 2021 WL 5279823, at *13 (dismissing claims barred by Section 230 with prejudice because
23  "it would be futile for [Plaintiff] to try to amend the claim[s]"). It is thus apparent that "any a
24  proposed amendment would be futile" and that the Court should dismiss with prejudice. *Reddy v.*
25  *Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

26  **V.     CONCLUSION**

27  For the foregoing reasons, Defendant respectfully requests that the Court dismiss
28  Plaintiff's Complaint in its entirety with prejudice.

| | |
|---|---|
| Dated: January 24, 2023 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | By: /s/ *Michelle L. Visser* |
| | Michelle L. Visser |
| | Attorney for Defendant |
| | META PLATFORMS, INC. |

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025. On January 24, 2024, I served the following document(s) entitled:

1. **Defendant's Motion to Dismiss Plaintiff's Complaint With Prejudice And Memorandum of Points And Authorities in Support Thereof;**

2. **Proposed Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint**

on all interested parties to this action in the manner described as follows:

☒ **(VIA EMAIL)** On January 24, 2024, via electronic mail in Adobe PDF format the document(s) listed above to the electronic address(es) set forth below.

☐ **(VIA U.S. MAIL)** On January 24, 2024, by placing a true copy of the document(s) listed above in an envelope, with postage thereon fully prepaid, addressed as set forth below and then sealing the envelope and depositing it in the U.S. mail at San Francisco, California.

Alfred P. Reaud
365 North Lincoln Avenue
Suite 21
Loveland, CO 80537
alreaud@gmail.com

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on January 24, 2024, at Fremont, California.

*/s/ Sema Virrueta*
Sema Virrueta